# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GEORGE A.,[1]

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

Case No. 5:18-cv-00405-AFM

**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER**

George A. ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter is now ready for decision.

**BACKGROUND**

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income, alleging disability beginning on October 30, 2009. (Administrative

---

[1] Plaintiff's name has been partially redacted in accordance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Record ("AR") 175-185.) Plaintiff's claims were denied initially (AR 94-101) and on reconsideration. (AR 117-121.) An Administrative Law Judge ("ALJ") conducted a hearing on December 12, 2016, at which Plaintiff, his representative, and a vocational expert ("VE") were present. (AR 40-61.)

In a decision dated January 3, 2017, the ALJ found that Plaintiff suffered from the medically severe impairments of lumbar degenerative disc disease and osteoarthritis of the knees. (AR 17.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk for 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday; frequently climb, balance, stoop, kneel, crawl, and crouch; occasionally use ladders, ropes, or scaffolds; and frequently handle and finger with the bilateral upper extremities. (AR 19.) Relying upon the opinion of the VE, the ALJ found that Plaintiff was capable of performing past work as a furniture salesperson. Accordingly, the ALJ concluded that Plaintiff was not disabled. (AR 26.)

On December 27, 2017, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-6.)

**DISPUTED ISSUES**

1. Whether the ALJ properly evaluated the opinion of the medical examiner in Plaintiff's worker's compensation case.
2. Whether the ALJ erred by failing to include non-severe mental impairments in the RFC or hypothetical to the VE.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial

evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

**1. Whether the ALJ properly considered the medical examiner's opinion**

Plaintiff contends that the ALJ failed to provide legally sufficient reasons to reject the opinion of the medical examiner in Plaintiff's workers' compensation action, David. L. Wood, M.D. (ECF No. 19 at 4.) Dr. Wood reviewed Plaintiff's medical records and examined Plaintiff on August 28, 2011. (AR 457-471.) After setting forth his findings, Dr. Wood recommended that Plaintiff be precluded from heavy lifting, repetitive bending, stooping, kneeling, squatting, crawling, climbing and prolonged weightbearing. (AR 468.) Dr. Wood opined that prolonged weightbearing should be avoided due to Plaintiff's bilateral plantar fasciitis. (AR 468.)

### a. Relevant Law

A claimant's RFC is the most he can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). In determining a claimant's RFC, an ALJ must consider all relevant evidence of record, including medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *see* 20 C.F.R. § 404.1527(b).

Before rejecting the uncontradicted opinion of a treating or examining physician, an ALJ must provide clear and convincing reasons for doing so. *Hill v. Astrue*, 698 F.3d 1153, 1159-1160 (9th Cir. 2012); *Carmickle v. Comm'r, Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). "Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record." *Hill,* 698 F.3d at 1160 (quoting *Regennitter v. Comm'r of the Soc. Sec. Admin.*, 166 F.3d 1294, 1298-1299 (9th Cir. 1999)). An ALJ meets the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (citations and internal quotation marks omitted).

### b. Analysis.

The ALJ discussed the medical opinions and assigned each of those opinions varying weight. With respect to Dr. Wood, the ALJ stated:

> David L. Wood, M.D., the Qualified Medical Re-Examiner, opined that the claimant would be recommended preclusion from heavy lifting; repetitive bending, stooping, kneeling squatting, crawling, and climbing; and prolonged weight bearing. Although not inconsistent with the evidence, giving the claimant all reasonable consideration, the undersigned gives less weight to this opinion and adopts the more restrictive residual functional capacity above.

(AR 25.)

Plaintiff argues that the RFC did not include a limitation against "prolonged standing" and, therefore, the ALJ implicitly rejected Dr. Wood's opinion without providing legally sufficient reasons for doing so. (ECF No. 19 at 4-5.) The Commissioner contends that the RFC was *more* restrictive than Dr. Wood's opinion. The Commissioner points out that the Workers Compensation Schedule for Rating Permanent Disabilities, indicates that a Disability Precluding Prolonged Weight-Bearing "contemplates ability to do work approximately 75% of time in standing and walking position, and requires a sitting approximately 25% of time." State of

California Department of Industrial Relations, Division of Workers' Compensation, Schedule For Rating Permanent Disabilities, Lower Extremity Guidelines, at p. 2-19 (April 1997) ("Schedule") (available at www.dir.ca.gov/dwc/DFR1997.pdf).[2] Thus, the Commissioner reasons, the RFC limiting Plaintiff to standing and/or walking for six hours in an eight-hour workday (75%) did not conflict with Dr. Wood's opinion. (ECF No. 20 at 4-5.)

Because Dr. Wood's opinion was rendered using state workers' compensation terminology, it should be translated into the corresponding Social Security terminology to accurately assess the implications of that opinion. *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988); *see Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002) (to accurately assess opinion issued in workers' compensation case, an ALJ must translate it into social security terminology, but the ALJ's decision need not include an explicit "translation").

Prolonged weight-bearing activities can be equated to prolonged standing or walking. *See Jenkins v. Astrue*, 628 F. Supp. 2d 1140, 1149 (C.D. Cal. 2009). Plaintiff makes a conclusory argument that "[t]he inability to perform prolonged standing would likely limit [him] to sedentary work resulting in a finding of disability under the grids." (ECF No. 19 at 5.) But Plaintiff offers no authority supporting such a conclusion, and the definition of prolonged weight-bearing included in the Schedule undermines Plaintiff's contention. Considering the definition found in the Schedule, the ALJ could reasonably interpret Dr. Wood's opinion that Plaintiff should avoid prolonged weight-bearing as indicating that Plaintiff was limited to standing and/or walking for no longer than 75% of an eight-hour workday – that is, no longer than six hours. As numerous courts in this District have concluded, a physician's opinion rendered in the workers' compensation context that a claimant is precluded from prolonged weight-bearing is not inconsistent with an RFC allowing for standing

---

[2] The most recent version of the schedule (published in 2005) does not define the term prolonged weight-bearing. *See* https://www.dir.ca.gov/dwc/PDR.pdf.

and/or walking for six-hours in an eight-hour day. *See Rivera v. Colvin*, 2016 WL 94231, at *4-5 (C.D. Cal. Jan. 7, 2016); *Medel v. Colvin*, 2014 WL 6065898, at *6 (C.D. Cal. Nov. 13, 2014); *Golphin v. Astrue*, 2010 WL 114488, at *4 (C.D. Cal. Jan. 5, 2010); *Jones v. Astrue*, 2008 WL 5351631, at *5 (C.D. Cal. Dec. 18, 2008); *see also Argueta v. Colvin*, 2016 WL 4138577, at *11 (E.D. Cal. Aug. 3, 2016) (ALJ permissibly incorporated a limitation to sit for a total of six hours in an eight-hour workday in no more than one-hour blocks to address opinion rendered in workers' compensation context that claimant was precluded from "prolonged sitting"), *aff'd*, 703 F. App'x 460 (9th Cir. 2017).[3]

Plaintiff has not demonstrated – and it does not appear to the Court – that Dr. Wood's opinion was inconsistent with the RFC assessed by the ALJ. Because the RFC was consistent with Dr. Wood's opinion, the ALJ was not required to provide reasons for rejecting it. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (requiring the ALJ to provide specific and legitimate reasons to reject the contradicted opinion of an examining physician unless that opinion is reasonably incorporated into the RFC).

Furthermore, even assuming that the ALJ failed to properly consider Dr. Wood's opinion, any error was harmless. As set forth above, the ALJ assessed an RFC incorporating limitations entirely consistent with Dr. Wood's opinion. Plaintiff has not demonstrated that his RFC would not be different if the ALJ had explicitly fully adopted Dr. Wood's opinion. Because any error in considering Dr. Wood's opinion was not material to the disability determination, it could not be a basis for reversing the Commissioner's decision. *See generally Molina v. Astrue*, 674 F.3d

---

[3] The Court is aware of two decisions in which courts in this District have stated that a preclusion against prolonged weight-bearing appeared to be inconsistent with the ability to perform light work, which requires standing or walking for six hours in an eight-hour day. *Meza v. Berryhill*, 2017 WL 3334243, at *4-5 (C.D. Cal. Aug. 4, 2017); *Jenkins v. Astrue*, 628 F. Supp. 2d 1140, 1149 (C.D. Cal. May 28, 2009). Neither case discussed the existence or effect of the definition of prolonged weight-bearing in the California Workers' Compensation Schedule For Rating Permanent Disabilities. To the extent that those cases are contrary to other decisions in this District, the Court finds them less persuasive.

1104, 1111 (9th Cir. 2012) (court must uphold an ALJ's findings if they are supported by inferences reasonably drawn from the record and may not reverse an ALJ's decision on account of an error that is harmless); *see Rivera*, 2016 WL 94231, at *4-5 (any error in finding physician's opinion regarding "prolonged weight bearing" to be vague was harmless because ALJ's RFC limiting claimant to standing and/or walking six hours in an eight-hour workday "incorporated limitations entirely consistent with" physician's opinion).

**2.   Whether the ALJ erred in failing to include non-severe mental limitation in the RFC and hypothetical to the VE**

In assessing a claimant's RFC, an ALJ must consider the limiting effect of all impairments, including those that are non-severe. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). Nevertheless, an ALJ is not required to include limitations in the RFC if the record supports a conclusion that the non-severe impairment does not cause a significant limitation in the claimant's ability to work. *See Koshak v. Berryhill*, 2018 WL 4519936, at *8 (C.D. Cal. Sept. 19, 2018); *Banks v. Berryhill*, 2018 WL 1631277, at *4 (C.D. Cal. Apr. 2, 2018). Rather, as long as the ALJ "actually reviews the record and specifies reasons supported by substantial evidence for not including the non-severe impairment [in the RFC determination], the ALJ has not committed legal error." *Medlock v. Colvin*, 2016 WL 6137399, at *5 (C.D. Cal. Oct. 20, 2016); *see also McIntosh v. Berryhill*, 2018 WL 3218105, at *4 (C.D. Cal. June 29, 2018) (because ALJ concluded that mental impairment caused no more than minimal restrictions, there was no requirement to include it in the claimant's RFC).

Plaintiff contends that the ALJ erred by failing to include his non-severe mental impairments in assessing Plaintiff's RFC and in the hypothetical posed to the VE. In support of his claim, Plaintiff relies upon *Hutton v. Astrue*, 491 F. App'x 850 (9th Cir. 2012). (ECF No. 19 at 6-7.) In *Hutton*, the ALJ determined at step two that the claimant's PTSD caused mild limitations in concentration, persistence or pace, but was non-severe. *Hutton*, 491 F. App'x at 850. The ALJ later explicitly excluded

consideration of the claimant's PTSD in reaching an RFC because he determined that the claimant lacked credibility. In finding error, the Ninth Circuit explained,

> Regardless of its severity, however, the ALJ was still required to consider Hutton's PTSD when he determined Hutton's RFC. See 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe[.]'"). The ALJ, however, failed to do so.

*Hutton*, 491 F. App'x at 850.

Numerous courts in this Circuit have followed *Hutton* and found reversible error where the ALJ failed to include mild mental limitations in the assessment of the RFC. *See, e.g., Gates v. Berryhill*, 2017 WL 2174401, at *2 (C.D. Cal. May 16, 2017); *Smith v. Colvin*, 2015 WL 9023486, at *8-9 (N.D. Cal. Dec. 16, 2015); *Kramer v. Astrue*, 2013 WL 256790, at *2-3 (C.D. Cal. Jan. 22, 2013). Other courts have found *Hutton* to be inapplicable where the record demonstrates that the ALJ considered a claimant's non-severe mental impairments before concluding that they did not cause any significant limitation necessitating inclusion in the RFC. *See*, *e.g.*, *Jones v. Berryhill*, 2018 WL 3956479, at *3 (C.D. Cal. Aug. 15, 2018); *Lindsay v. Berryhill*, 2018 WL 3487167, at *6 (C.D. Cal. July 18, 2018); *McIntosh*, 2018 WL 3218105, at *4; *Medlock*, 2016 WL 6137399, at *5.

Here, at step two, the ALJ found that Plaintiff's mental impairments caused no more than mild limitations in daily living; social functioning; and concentration, persistence or pace, and therefore, were not severe. (AR 18-19.) Then, in assessing Plaintiff's RFC at step four, the ALJ considered Plaintiff's mental impairments again. (AR 20-21.) In particular, the ALJ considered the August 2014 report of the psychiatric consultative examiner, Linda M. Smith, M.D. As the ALJ noted, Plaintiff reported that he had never been hospitalized for psychiatric issues and he might have seen a psychiatrist once or twice years earlier in connection with a Workers'

Compensation case. (AR 21, 345.) Plaintiff had once been prescribed an antidepressant which he tried for a month but discontinued because it did not help. Plaintiff stated that he was not interested in taking antidepressants because he already is on too many medications. (AR 21, 345.) The ALJ discussed Dr. Smith's mental status examination, including her findings that Plaintiff provided detailed, well-organized answers; made good eye contact and good interpersonal contact with interviewer; was generally cooperative; had no psychomotor agitation or retardation; was coherent and organized; exhibited no tangentiality or loosening of associations; was relevant and non-delusional; did not appear to respond to internal stimuli during the interview; was near tears at times; had a normal rate and tone for speech; was alert and oriented in all spheres; and was able to follow conversation well. (AR 21, 344-348.)

The ALJ also discussed Dr. Smith's opinion – noting her opinions that Plaintiff is not limited in his ability to understand, remember, and complete both simple and complex tasks; mildly impaired in his ability to interact appropriately with supervisors, coworkers, or the public; not impaired in his ability to comply with job rules; not impaired in his ability to respond to change in the normal workplace setting; and not impaired in his ability to maintain persistence and pace in a normal workplace setting. (AR 24.) The ALJ accorded Dr. Smith's opinion "significant weight" because Dr. Smith had personally examined Plaintiff and her opinion was consistent with the objective findings in the medical evidence of record. (AR 24.)

The ALJ also considered other evidence in the record relevant to Plaintiff's non-severe mental impairments. Specifically, the ALJ noted that Plaintiff's daily activities required the same mental and social abilities "necessary for obtaining and maintaining employment," such as running errands, going to malls, attending college, and performing household chores. (AR 24.)

Thus, the ALJ properly considered Plaintiff's non-severe mental impairments at step four before concluding that those non-severe impairments did not necessitate inclusion of any limitation in the RFC. *Hutton* does not apply in these circumstances.

Finally, Plaintiff argues that his past work as a salesperson requires "intense interaction with others and a skill set that could be effected by even mild limitations." (ECF No. 19 at 8.) Plaintiff, however, fails to point to any evidence in the record that his step two mild limitation in social functioning would impact his work abilities. While Dr. Smith opined that Plaintiff was mildly impaired in his social function, she did not opine that this mild impairment resulted in any concrete work-related limitation. In fact, as the ALJ noted, Plaintiff reported having no problems getting along with "family, friends, neighbors, or others." (AR 18-19, citing AR 247, 346.) Furthermore, the State agency physicians both concluded that Plaintiff could perform his past relevant work despite mild impairment in social functioning. (*See* AR 69-73, 86-91.) Given the absence of evidence that Plaintiff's mild mental impairments limited Plaintiff's ability to perform any work-related activities, the ALJ was not required to include additional mental limitations in his RFC assessment or hypothetical to the VE. *See Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (finding ALJ's decision not to include plaintiff's impairment in VE hypothetical or RFC determination was proper because there was no evidence plaintiff's impairment caused any functional limitations); *Carroll v. Berryhill*, 2018 WL 2175977, at *6 (C.D. Cal. May 10, 2018) (rejecting claim that ALJ was required to include in RFC the mild limitation in social functioning finding made at step two where plaintiff failed to point to any evidence indicating that such limitation impacted claimant's work abilities); *see also Turner v. Berryhill*, 693 F. App'x 722, 722 (9th Cir. 2017) (the "ALJ's decision not to include an attendance-based limitation in Turner's [RFC] assessment was supported by substantial evidence," despite the ALJ's having accepted the opinions of a medical source who found that Turner had "moderate" limitations maintaining regular attendance because that medical source "did not

specify that Turner's difficulties with attendance would lead him to miss a certain number of days of work each month or would otherwise undermine his ability to work").

In sum, the ALJ considered the evidence related to Plaintiff's mental impairments before concluding not to include any mental limitations in the RFC or in the hypothetical to the VE. That was not error.

**ORDER**

For the foregoing reasons, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: 4/24/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE